# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW C. WIESNER, | DOCKET NUMBER |
| Appellant, | PH-0752-13-0434-I-2 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: December 15, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marshall J. Tinkle</u>, Esquire, Portland, Maine, for the appellant.

<u>Barbara A. Badger</u> and <u>Scott W. Flood</u>, Esquire, Portsmouth, New Hampshire, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The agency has filed a petition for review of the initial decision, which reversed the appellant's indefinite suspension based on a finding of harmful procedural error. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The following facts are not in dispute. The appellant held the position of Pipefitter at a naval shipyard, which required him to be able to obtain and maintain a security clearance with access to classified information. MSPB Docket No. PH-0752-13-0434-I-1, Initial Appeal File (IAF), Tab 5 at 35, 57-59. On April 26, 2013, the agency suspended the appellant's access to classified information. *Id.* at 40. As a result, the agency indefinitely suspended the appellant, effective June 3, 2013, based upon his failure to maintain a condition of employment. *Id.* at 36-37.

¶3      Meanwhile, on June 7, 2013, the Department of Defense Consolidated Adjudications Facility (DoDCAF) informed the appellant of its final determination to revoke his eligibility for a security clearance and assignment to a sensitive position. MSPB Docket No. PH-0752-13-0434-I-2, IAF, Tab 3, Initial Decision (ID) at 3. The appellant appealed DoDCAF's final revocation by submitting a written appeal to the Personnel Security Appeals Board (PSAB), and the PSAB upheld the revocation in a decision dated August 22, 2013. ID at 3.

¶4       The appellant timely appealed his indefinite suspension to the Board. IAF, Tab 1 at 4. After holding the requested hearing, *id.* at 2, the administrative judge issued an initial decision reversing the indefinite suspension action, ID at 4-5.[2] The administrative judge found that the agency committed harmful procedural error when it indefinitely suspended the appellant prior to his receipt of a written decision from the PSAB concerning his security clearance in violation of Department of Defense (DoD) regulation 5200.2-R. ID at 5.

¶5       The agency has filed a petition for review.[3] Petition for Review (PFR) File, Tabs 3, 6. On review, the agency claims that the Board's recent decision in *Flores v. Department of Defense*, 121 M.S.P.R. 287 (2014), necessitates reversal of the initial decision. PFR File, Tab 3 at 4-6. The appellant has filed a response in opposition. PFR File, Tab 5. In his response, the appellant requests the dismissal of the agency's petition for review based upon its failure to provide interim relief. *Id.* at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6       The agency's reliance on *Flores* is misplaced. In *Flores*, 121 M.S.P.R. 287, ¶¶ 1, 4, the Board sustained an agency removal action based upon the appellant's loss of eligibility to occupy a sensitive position. In sustaining the action, the Board held that it lacked the authority to review the merits of the agency's decision to deny the appellant's eligibility to occupy a sensitive position. *Id.*, ¶¶ 7-8 (citing *Kaplan v. Conyer*s, 733 F.3d 1148, 1158-60 (Fed. Cir. 2013), *cert. denied sub nom. Northover v. Archuleta*, 134 S. Ct. 1759 (2014)). Here, it appears that the agency is arguing that, because the Board lacks the authority to

---

[2] The administrative judge also addressed the appellant's appeal of his removal in the initial decision. ID at 6-9. We have addressed the appellant's petition for review concerning the removal, which is docketed as MSPB Docket No. PH-0752-14-0342-I-1, in a separate order.

[3] The petition for review is labeled as a cross-petition for review given the former status of the appeals as joined. PFR File, Tab 3.

review the merits of the agency's decision regarding the loss of eligibility to occupy a sensitive position, it similarly lacks the authority to review whether the agency complied with its own procedures when taking an adverse action based on that loss or, as here, the revocation of a security clearance. PFR File, Tab 3 at 4-6. As described below, the agency's argument is unavailing.

¶7    Generally, in an appeal of an adverse action based on the revocation of a security clearance, the Board is limited to reviewing whether: (1) the appellant's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513. *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014). Section 7513 is not the only source of procedural protections for employees subject to adverse actions, however; agencies must also comply with the procedures set forth in their own regulations. *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014). Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an adverse action decision if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision." The Board has held that it may review whether the agency complied with its own procedures for taking an adverse action based on the revocation of a security clearance. *See Schnedar*, 120 M.S.P.R. 516, ¶ 8.

¶8    Prior to taking an adverse action based on the revocation of an employee's security clearance, DoD components must provide: (1) a written statement of reasons for the unfavorable administrative action, signed by an adjudicatory official within the DoD component's designated Central Adjudication Facility; (2) an opportunity to respond in writing; (3) a written response to the reply, stating the final reasons therefor; and (4) an opportunity to appeal to a higher level authority designated by the component concerned. *Ulep*, 120 M.S.P.R. 579, ¶ 5; 32 C.F.R. § 154.56(b). DoD regulations further provide that an employee must receive a written decision on appeal. *Schnedar*, 120 M.S.P.R. 516, ¶ 12; DoD 5200.2-R, C8.2.2.5. Here, it is undisputed that the agency effected the

indefinite suspension prior to the conclusion of the appeals process and issuance of the written decision from the PSAB.  IAF, Tab 5 at 36-37; ID at 3.  This error was plainly harmful.  *See Ulep*, 120 M.S.P.R. 579, ¶ 6; *see also Schnedar*, 120 M.S.P.R. 516, ¶ 12.  Consequently, the administrative judge properly reversed the indefinite suspension.[4]  ID at 4-5; *see Schnedar*, 120 M.S.P.R. 516, ¶ 12.

¶9    Finally, although the appellant is correct that an agency's failure to establish compliance with an order of interim relief may result in the dismissal of its petition for review, *see* 5 C.F.R. § 1201.116(e), the administrative judge properly did not order interim relief in this appeal.  *See McIntire v. Federal Emergency Management Agency*, 55 M.S.P.R. 578, 582 (1992) (an administrative judge should not order interim relief in a suspension appeal where the suspension period had expired before the administrative judge issued the initial decision).  Accordingly, we deny the appellant's request to dismiss the agency's petition for review for failure to provide interim relief.

## ORDER

¶10    We ORDER the agency to cancel the suspension and retroactively restore the appellant effective June 3, 2013.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶11    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this

---

[4] In the portion of the initial decision summarizing her findings, the administrative judge mistakenly stated that the agency failed to provide the appellant with the procedural protections specified in 5 U.S.C. § 7513.  ID at 8.  As the administrative judge properly found in her analysis, however, she did not sustain the indefinite suspension because the agency failed to comply with the procedures set forth in DoD 5200.2-R, C8.2.2.5, and we find no violation of the appellant's rights under 5 U.S.C. § 7513.  ID at 4-5; IAF, Tab 5 at 36-39.

decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶12 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶14 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.



| | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.